Matter of Smith (Commissioner of Labor) (2019 NY Slip Op 07978)





Matter of Smith (Commissioner of Labor)


2019 NY Slip Op 07978


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

528935

[*1]In the Matter of the Claim of Ronald Smith, Appellant. Commissioner of Labor, Respondent.

Calendar Date: October 4, 2019

Before: Garry, P.J., Egan Jr., Clark and Mulvey, JJ.


Law Offices of Barry D. Haberman, New City (Barry D. Haberman of counsel), for appellant.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.



Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 21, 2018, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.
Claimant was employed as a cook at a skilled nursing facility for approximately 28 years. Early one morning while he was working in the kitchen, he got into a verbal dispute with his supervisor over music that he was playing. The dispute escalated into a physical altercation during which claimant purportedly assaulted the supervisor. He was placed on suspension pending an investigation and was ultimately discharged for violating the employer's zero tolerance policy against workplace violence. His claim for unemployment insurance benefits was initially denied on the ground that he was terminated for misconduct. Following a hearing, an Administrative Law Judge overruled this determination and found that claimant was entitled to receive benefits. The Unemployment Insurance Appeal Board concluded, however, that claimant had engaged in disqualifying misconduct and sustained the initial determination. Claimant appeals.
We affirm. "Whether a claimant has engaged in disqualifying misconduct is a factual question for the Board to resolve and its determination will not be disturbed if supported by substantial evidence" (Matter of Jaiyesimi [ISS Action Inc.-Commissioner of Labor], 114 AD3d 983, 983 [2014] [citations omitted]; see Matter of Chirico [City of Syracuse-Commissioner of Labor], 136 AD3d 1137, 1138 [2016]). Notably, violent or threatening behavior that is directed toward a supervisor has been held to constitute disqualifying misconduct (see Matter of Pierre [FJC Sec. Servs., Inc.-Commissioner of Labor], 141 AD3d 1069, 1069 [2016], lv dismissed 29 NY3d 1143 [2017]; Matter of Reyna-Bautista [Commissioner of Labor], 45 AD3d 1102, 1102-1103 [2007]; Matter of Moss [Commissioner of Labor], 39 AD3d 1057, 1057-1058 [2007]). Claimant's supervisor testified that, after he told claimant to turn off the music, claimant became agitated, grabbed him, pushed him into the counter and then hit him. Although claimant denied striking the supervisor, this presented a credibility issue for the Board to resolve (see Matter of Pierre [FJC Sec. Servs., Inc.-Commissioner of Labor], 141 AD3d at 1069; Matter of Reyna-Bautista [Commissioner of Labor], 45 AD3d at 1103). Accordingly, inasmuch as substantial evidence supports the Board's decision, we decline to disturb it.
Garry, P.J., Egan Jr., Clark and Mulvey, JJ., concur.
ORDERED that the decision is affirmed, without costs.